UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

IN THE MATTER OF THE SEARCH OF )
INFORMATION ASSOCIATED WITH )
CUSTOMER ACCOUNTS A-13884221, ) Case No. 3:21MJ250
A-13559194, A-13559427, A-14241570, )
A-13569750, And A-14275768 )
THAT IS STORED AT PREMISES )
CONTROLLED BY VIVINT, LLC )

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Nicole Lutz, a U.S. Postal Inspector with the United States Postal Inspection Service, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703 (c)(1)(A) and Federal Rule of Criminal Procedure 41 to require Vivint, LLC (hereinafter "Vivint"), a home security products company headquartered in Provo, Utah, to disclose to the United States records and other information described in Attachment B, associated with the above-listed identifiers. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant to require Vivint to disclose to the government records and other information in its possession, including video content, pertaining to customer accounts:

- A-13884221 in the name of Tabitha Anderson residing at 1701 Kipling Dr., Dayton, OH 45406

- A-13559194 in the name of Eddie Howard residing at 1731 Kipling Dr., Dayton, OH 45406

- A-13559427 in the name of Cheryl Lewis residing at 1737 Kipling Dr., Dayton, OH 45406

- A-14241570 in the name of Annette Keel residing at 1729 Kensington Dr., Dayton, OH 45406

- A-13569750 in the name of Tashia Bostock residing at 1839 Shaftesbury Rd., Dayton, OH 45406

- A-14275768 in the name of Felicia Harris residing at 1841 Kensington Dr., Dayton, OH 45406

(hereinafter "SUBJECT ACCOUNTS").

2. I am a Postal Inspector with the United States Postal Inspection Service (USPIS) and have been since May 2015. I have participated in investigations involving bank fraud, mail theft, violent crimes, and among other things, have conducted or participated in surveillances, the execution of search warrants, and other investigative procedures. I have conducted numerous investigations in which I searched electronic storage devices such as cell phones for electronic data, including communications.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violation of Title 18, United States Code, Section 111, Assaulting, Resisting, or Impeding Certain Officers or Employees, has been committed by an unknown suspect against a United States Postal Employee who was on duty delivering the U.S. Mail. There is also

probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband, and/or fruits of this crime further described in Attachment B.

## JURISDICTION

5. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## LOCATION TO BE SEARCHED

6. The location to be searched is:

SUBJECT ACCOUNTS located at Vivint, LLC, 4931 North 300 West Provo, Utah 84604, further described in Attachment A. The items to be reviewed and seized by the United States are described in Part II of Attachment B.

## BACKGROUND RELATING TO ONLINE VIDEO FILE STORAGE SERVICES

7. From my review of publicly available information provided by Vivint about its services, including Vivint's "Privacy Policy" and "Terms of Service," I am aware of the following about Vivint and about the information collected and retained by Vivint:

    a. Vivint sells products and services designed to see, hear, and speak to anyone at the customer's door from the customer's computer or mobile device.

    b. Vivint obtains content captured and recorded when using Vivint's products and services, such as video or audio recordings, live video or audio streams, images, comments, and data Vivint's products collect from the surrounding environment to perform their functions (such as motion, events, temperature, and ambient light).

3

c. Vivint generally has access to videos only if the user has a current Vivint Protect plan subscription. If users choose to subscribe to a Vivint Protect Subscription Plan, the customer device automatically sends to Vivint for storage any video footage and/or audio recordings captured by Vivint products installed by the customer. Videos are generally retained up to 14 days.

d. Vivint asks customers to provide personal information in connection with Vivint's products and services. This may include: contact information, such as name, phone number, email, and postal address; account information, such as online password and other log-in details used to access Vivint's products and services.

e. Vivint obtains payment information, such as name, billing address and payment card details, including card number, expiration date and security code. Payment information is collected and stored by a third-party payment processor on Vivint's behalf.

f. Vivint also obtains the geolocation of customers' mobile devices if such customers consent to the collection of this data.

g. Vivint also obtains product setup information, including the name and description of the Vivint product and location where it is installed, technical information about the product, including Wi-Fi network information and signal strength, and information about the device's model, serial number, and software version.

h. Vivint also obtains social media handles, content, and other data posted on Vivint's official social media page and other personal information contained in

4

content Vivint users submit through Vivint's "Contact Us" feature or customer support tools on Vivint's website or mobile application.

## PROBABLE CAUSE

8. On June 7, 2021 at approximately 6:00 PM/EST, United States Postal Service (USPS) Letter Carrier identified as B.H. was delivering mail in official uniform on foot along the 1700 block of Kipling Dr., Dayton, Ohio 45406 when she was approached by a younger unknown black male, slim build wearing black shorts, gold shoes, and a black and red printed hoodie that was up covering his face (hereinafter " UNKNOWN SUBJECT"). The UNKNOWN SUBJECT approached B.H. two different times along the 1700 block of Kipling Dr. in a short span of time asking if she, "had any rubber bands," and whether "USPS was hiring?" B.H. answered the questions and continued walking noting the UNKNOWN SUBJECT was walking suspiciously around her.

9. As B.H. was delivering mail she advised the UNKNOWN SUBJECT walked in front of her onto the porch of 1730 Kipling Dr., and looked to be getting ready to knock on the door as he raised his hand. B.H. walked up onto the porch of 1730 Kipling Dr., and observed the UNKNOWN SUBJECT hovering the door with his hand raised but not actually knocking on the door. B.H. proceeded to deliver the mail into the mailbox, and as she turned the UNKNOWN SUBJECT cornered her on the porch and stuck a handgun to her stomach.

10. B.H. saw and felt the handgun as the UNKNOWN SUBJECT stated, "Give me everything you got." B.H. immediately gave the UNKNOWN SUBJECT her Apple iPhone 11 Pro Max cell phone. The UNKNOWN SUBJECT took the phone and again asked her for everything she had. B.H. took off her Apple watch and handed it to the UNKNOWN SUBJECT.

5

With the gun still pointed at her stomach, the UNKNOWN SUBJECT stated, "Give me the keys," which B.H. handed him her postal keys.

11. The UNKNOWN SUBJECT walked backwards down the steps off the porch of 1730 Kipling Dr. and B.H. followed him with the gun still pointed at her stomach. B.H. walked into the front lawn of 1730 Kipling and the UNKNOWN SUBJECT told her, "Don't tell anyone," and ran towards Otterbein Ave. B.H.'s postal vehicle was parked around the corner on Otterbein Ave. between Kipling Dr. and Kensington Dr.

12. B.H. saw the neighboring residence of 1734 Kipling Dr had their front door open and she ran to get help. B.H. was able to make contact a resident inside the home and was given a phone to contact 911. The local 911 call placed by B.H. came in at approximately 6:08 PM/EST and Dayton Police responded within minutes to 1734 Kipling Dr. Your Affiant was able to review GPS data from B.H.'s postal scanner and confirmed that her last physical scan along her route was at 6:02 PM/EST at 1716 Kipling Dr. The next address to be delivered by B.H. was 1734 Kipling Dr., but a physical scan was never entered.

13. Dayton Police set up a crime scene perimeter around Kipling Dr. and Otterbein Ave. and canvassed the surrounding area. It is suspected that the UNKNOWN SUBJECT had entered the postal vehicle parked along Otterbein Ave. because B.H.'s lunch box that contained personal belongings such as her wallet and bank cards, her prescription of Adderall (15mg), was missing as well as possible small U.S. Mail parcels inside the postal vehicle's center console. B.H. reported that she had locked her postal vehicle prior to her delivery on foot. It is likely the UNKNOWN SUBJECT gained access to the postal vehicle using the stolen postal keys as there was no sign of forced entry. Dayton Police utilized a K9 who obtained a scent from the postal vehicle and tracked the scent going east along Otterbein Ave. The K9 followed the scent from

6

Otterbein Ave. then north on Kensington Dr., and eventually cutting east again through residential yards out to Shaftesbury Rd. The K9 circled around the 1800 block of Shaftesbury Rd. before losing the scent. Officers were not able to locate the UNKNOWN SUBJECT or any of the stolen items.

14. Postal Inspectors responded to the scene as well and canvassed the area. Inspectors were able to make contact a resident, J.M. at 1701 Kipling Dr. who had a Vivint home security system. J.M. was able to review earlier footage from his Vivint account and found a clip of B.H. delivering his mail at approximately 05:59 PM/EST. The video shows an unknown male with a similar appearance to the description given of the UNKNOWN SUBJECT walking across the street on Kipling Dr. towards B.H. as she is walking down the porch of 1701 Kipling Dr. B.H. was shown the video clip during her interview by Postal Inspectors on June 7, 2021. B.H. reviewed the video clip and stated that she was confident the individual walking behind her in the clip was the UNKNOWN SUBJECT who robbed her minutes later.

15. As Inspectors canvassed the area of Kipling Dr. and surrounding streets where the K9 had tracked, multiple houses were identified having Vivint home security systems via Vivint yard signs and visible cameras located on the outside of the residences. On June 10, 2021, I served Vivint a preservation request pursuant to 18 U.S.C § 2703(f), requiring Vivint to preserve all information associated with SUBJECT ACCOUNTS. Vivint advised that typically video clips are stored on their Cloud for no more than 45 days. Upon receiving the preservation request Vivint advised the targeted clips would be preserved and stored indefinitely. On June 16, 2021, I also served Vivint with a subpoena and Vivint replied with the SUBJECT ACCOUNTS information and identifiers. The SUBJECT ACCOUNTS were requested due to their geographic location to the assault of B.H. at 1734 Kipling Dr, Dayton, OH 45406. The Vivint cameras

7

associated with the SUBJECT ACCOUNTS may have captured the actions of the UNKNOWN SUBJECT and B.H. leading up to the assault, the actual assault, and the time immediately after. The Vivint accounts at 1701, 1731, and 1737 Kipling Drive are all located on the same block as the offense location. The Vivint accounts at 1729 Kensington, 1841 Kensington, and 1839 Shaftesbury lie along the potential flight or approach paths of the UNKNOWN SUBJECT, as all three accounts are associated with residences located within two blocks of the offense location.

16. 1729 Kensington Dr., Dayton, OH 45406, A-13569750 in the name of Tashia Bostock residing at 1839 Shaftesbury Rd., Dayton, OH 45406, and A-14275768 in the name of Felicia Harris residing at 1841 Kensington Dr., Dayton, OH 45406 (hereinafter "SUBJECT ACCOUNTS").

17. Information stored in connection with the SUBJECT ACCOUNTS may provide evidence of the criminal conduct under investigation, thus enabling the United States to establish and prove each element of the charge or alternatively, to exclude the innocent from further suspicion. In my training and experience, captured video and audio contents, images, comments, and other data collected by Vivint products about the surrounding environment can be evidence of who was present at a particular physical location at a relevant time. This information may tend to either inculpate or exculpate the Vivint account owner or others connected to the crime.

18. Based on the information above, Vivint's servers are likely to contain the types of material described above, including stored video and audio content and information concerning the use of Vivint products and services. In my training and experience, such information may constitute evidence of the crimes under investigation including video of the robbery and evidence concerning the motivation for the robbery.

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

19. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular Title 18, United States Code, Sections 2703(a), (b)(1)(A), and (c)(1)(A), by using the warrant to require Vivint to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

## CONCLUSION

20. Based on the aforementioned factual information, I respectfully submit that there is probable cause to believe that evidence, fruits, and/or instrumentalities of violations of Title 18, United States Code, Section 111 may be located in the information described in Attachment A.

21. Based on the forgoing, I request that the Court issue the proposed search warrant.

22. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. The government will execute this warrant by serving it on Vivint. Because the warrant will be served on Vivint, who will then compile the requested records at a time convenient to it, and then reviewed by government-authorized persons, there exists reasonable cause to permit the execution of the requested warrant at any time in the day or night.

I state under penalty of perjury that the foregoing is true and correct.

NICOLE LUTZ
U.S. Postal Inspector
United States Postal Inspection Service

Sworn to, attested to, or affirmed before me via reliable electronic means pursuant to Federal Rules of Criminal Procedure 4.1 and 41 on this ___8th___ day of July, 2021.

Sharon L. Ovington
United States Magistrate Judge

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with customer accounts:

- A-13884221 in the name of Tabitha Anderson residing at 1701 Kipling Dr, Dayton, OH 45406

- A-13559194 in the name of Eddie Howard residing at 1731 Kipling Dr, Dayton, OH 45406

- A-13559427 in the name of Cheryl Lewis residing at 1737 Kipling Dr, Dayton, OH 45406

- A-14241570 in the name of Annette Keel residing at 1729 Kensington Dr, Dayton, OH 45406

- A-13569750 in the name of Tashia Bostock residing at 1839 Shaftesbury Rd, Dayton, OH 45406

- A-14275768 in the name of Felicia Harris residing at 1841 Kensington Dr, Dayton, OH 45406

that is stored at premises owned, maintained, controlled, or operated by Vivint, LLC, a company headquartered in Provo, Utah.

## ATTACHMENT B

### Particular Things to be Seized

**I.  Information to be disclosed by Vivint, LLC**

To the extent that the information described in Attachment A is within the possession, custody, or control of Vivint, LLC, including videos, communications, records, files, logs, or information that have been deleted but are still available to Vivint, LLC, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Vivint, LLC is required to disclose the following information to the government:

a. All video and audio content and all logs and records associated with the content for the accounts from June 7, 2021 from 5:00 PM/EST through 6:30 PM/EST including stored or preserved copies of such video and audio content.

b. All location data associated with the particular device or devices used to login to or access the account, including geotags from June 7, 2021 from 5:00 PM/EST through 6:30 PM/EST.

c. All data and information that has been deleted by the user from June 7, 2021 between 5:00PM/EST through 6:30 PM/EST.

d. All identity and contact information, including full name, e-mail address, physical address (including city, state, and zip code), phone numbers, payment and billing information, including billing address and payment card details, and other personal identifiers;

Vivint is hereby ordered to disclose the above information to the government within 14 days of issuance of this warrant.

## II. Information to be seized by the government

All information described above in Section I that constitutes fruits, contraband, evidence, and instrumentalities of violations of Title 18, United States Code, Section 111, those violations involving an unknown subject and occurring on June 7, 2021, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

a. Video depicting the UNKNOWN SUBJECT, the assault of B.H., or the subsequent flight of the UNKNOWN SUBJECT;

b. Video depicting any witness who may have seen the UNKNOWN SUBJECT, the assault of B.H., or the subsequent flight of the UNKNOWN SUBJECT;

c. Video depicting the postal vehicle or the area surrounding the postal vehicle between 5:00 PM/EST through 6:30 PM/EST.

d. Evidence indicating how and when the Vivint account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Vivint account owner;

e. Evidence indicating the Vivint account owner's state of mind as it relates to the crime under investigation.

2